FEATHERLY *v.* HOFFMAN.

TAX SALES—AFFIDAVIT OF PUBLICATION—MUTILATION—EVIDENCE.
An affidavit of publication, in proceedings for the sale of lands
delinquent for taxes, which recites that "the order and peti-
tion, of which a printed copy is hereto annexed, were pub-
lished," etc., and has attached a newspaper clipping containing
the order and petition, but no schedule of the lands advertised,
is not shown to have been mutilated after filing by the testi-
mony of the publisher that he presumed everything was all
right when the paper was filed, and of another witness, who
examined the files 15 months after the sale, that it is his
recollection that at that time the affidavit was pinned to the
full list.

Appeal from Bay; Maxwell, J. Submitted January
6, 1898. Decided May 17, 1898.

Petition by Harriet C. Featherly against John M.
Hoffman and the auditor general to set aside a tax sale.
From a decree for petitioner, defendants appeal. Af-
firmed.

*Fatio Colt* (*E. A. Cooley*, of counsel), for petitioner.

*Avery Bros. & Walsh* (*Fred A. Maynard*, Attorney
General, of counsel), for defendants.

MOORE, J. The petitioner was the owner of certain
lands in Bay county, which were sold for the taxes of 1893,
at a sale made in December, 1895, and were bid in for the
State. In April, 1897, the lands were deeded by the
State to defendant Hoffman. · The petitioner claims that
the court obtained no jurisdiction to make a decree for a
sale of the lands, and asks that the sale be set aside and
the decree vacated. The petitioner offered to pay the
taxes and costs. After a hearing before the circuit judge,
he vacated the decree, and set aside the sale, first requir-

ing the petitioner to pay the taxes and costs, which were at once paid by her into court. From that decree defendants appeal.

A number of questions are raised by the record and argued by counsel. We think one of them disposes of the case. The record shows that the publication of the order, petition, and schedule was made in a supplement to the Bay City Tribune. The order, petition, and schedule made nearly four seven-column pages of that paper. This proceeding was heard before the same judge who made the decree ordering the sale of these lands. The original files in that matter were offered in evidence. The proof of publication was made by the publisher of the paper, and recited "that the order and petition, of which a printed copy is hereto annexed, were published," etc. Pinned to the affidavit of publication is a slip of paper one column wide and about one-third of a column long, evidently cut out of a newspaper, containing the order of the circuit judge and the petition of the auditor general, but not containing a schedule of the list of lands, which followed this order and notice as published in the paper.

On the part of the defendants, an attempt was made to show by parol that the paper attached to this affidavit contained the schedule containing the list of the lands when it was filed with the clerk of the court. It is conceded that the affidavit was not attached to the notice, petition, and schedule by pasting or in any permanent way, but that whatever paper was attached was simply pinned. The publisher of the paper was sworn as a witness, but his recollection was not at all clear as to the condition of the paper when he filed it. He is not certain that when he swore to the affidavit it was pinned to the order, petition, and schedule, or that the schedule was attached when the paper was filed with the clerk, though he says he presumed at the time it was done right. Neither the clerk nor the prosecuting attorney was sworn as a witness. Mr. 'O'Connor, a dealer in tax titles, was sworn as to an examination made by him of these and other files in March or

April, 1897.   On his direct examination he testified that at that time the printed list and affidavit of publication were in the files; the affidavit was pinned to the printed list. On his cross-examination he testified:

"I looked over the list for a number of years.   My impression is that the affidavit was pinned to the list of lands to be sold for the taxes of 1893 when I looked at it; in other words, that is simply my recollection.   If it had not been there, I should have noticed it, and been a little bit scared of the proceedings.   I was more interested in this one than in all the rest combined, but am not willing to put it any stronger than that it is my recollection that the affidavit was pinned to the full list."

It is contended that it is not competent to impeach or contradict a record by parol.   Without passing upon that question, we are all agreed that, before a record can be added to, contradicted, or impeached, the proof ought to be clear and convincing.   It is a somewhat significant fact that the printed slip which was attached to the affidavit did contain a copy of the order made by the circuit judge and a copy of the petition of the auditor general, and it might well be said that a layman would think the attaching of the order and petition would be a sufficient compliance with the requirements of the blank furnished the affiant upon which to make proof of publication, without attaching the schedule.   It is conceded that, taking the record as it now stands, it is not sufficient to give the court jurisdiction to make the decree directing the sale. We do not think the evidence is so clear that we ought to find that the record has been mutilated since it was filed.

The decree is affirmed.   The petitioner will recover costs of this court

The other Justices concurred.